UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| CHRISTOPHER J. HUNTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 19-300-DCR |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| FRANCISCO QUINTANA, Warden, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

*Pro se* petitioner Christopher Hunter filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the validity of his conviction.  [Record No. 1]  The matter has now been fully briefed and is ripe for the Court's review.  [Record No. 17, 22]  Because Hunter is not entitled to habeas relief, his petition will be denied.

**I.**

In 2006, a federal jury in the Southern District of Ohio found Hunter guilty of four offenses: conspiracy to possess cocaine with the intent to distribute it; possession of cocaine with the intent to distribute it; possession of a firearm in furtherance of a drug trafficking crime; and possession of a firearm by a convicted felon.  *See United States v. Hunter*, et al., Case No. 3: 06-cr-00061-TMR-MRM-1 (S.D. Ohio 2006), Record No. 52. Hunter successfully challenged his conviction on Count Three (i.e., possession of a firearm in furtherance of a drug trafficking crime), but the United States Court of Appeals for the Sixth Circuit affirmed his remaining convictions and sentence.  *United States v. Hunter*,

558 F.3d 495 (6th Cir. 2009). Hunter then filed a 28 U.S.C. § 2255 petition, which was extensively litigated but ultimately denied by the United States District Court for the Southern District of Ohio. A motion to reconsider that decision remains pending, as does a motion for relief under 18 U.S.C. § 3582(c). *See Hunter*, 3:06-cr-00061-TMR-MRM-1 (S.D. Ohio 2006).

In his § 2241 petition filed with this Court, Hunter argues that his conviction for being a felon in possession of a firearm is invalid in light of the United States Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). Specifically, he claims that, in light of *Rehaif*, he is actually innocent of that charge because the Government did not prove, nor did he ever concede, that he knew he was prohibited from possessing firearms based on his status as a felon. Hunter also seeks a new trial due to the submission of prejudicial evidence at trial and his defense attorney's "'all or nothing' defense." [*See* Record No. 1 at p. 5]

## II.

Hunter is not entitled to relief under § 2241 for a variety of reasons. As an initial matter, motions that are relevant to Hunter's present request for § 2241 relief are still pending in his underlying criminal case. The Sixth Circuit has "denied § 2241 petitions in a variety of situations when a § 2255 motion remains pending." *Pullen v. Ormond*, No. 18-6171, 2019 U.S. App. LEXIS 26961, at *6 (6th Cir. Sept. 5, 2019). In addition, the Warden points out that even if Hunter did succeed in his *Rehaif* claim, the length of his overall sentence would not change because of his convictions and concurrent sentences on other counts. [Record No. 17 at pp. 13-15] But regardless of the concurrent sentence

doctrine and Hunter's other pending filings, Hunter cannot succeed in his *Rehaif* claim in this § 2241 proceeding.

The correct mechanism for a federal prisoner to challenge his or her conviction or sentence is through a motion to vacate filed pursuant to 28 U.S.C. § 2255(a). *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *see also United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 210 (6th Cir. 2001). The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). To properly invoke the savings clause, the petitioner must assert a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision reinterpreting the substantive terms of the criminal statute under which he was convicted, in a manner that establishes that his conduct did not violate the statute after all. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

Here, Hunter relies upon the Supreme Court's decision in *Rehaif*, which held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.

Hunter argues that *Rehaif* establishes his actual innocence of § 922(g), presumably because he was not found to have knowingly violated the status element of being a felon in possession of a firearm. [*See, e.g.*, Record No. 22 at pp. 11-13 (claiming that although he had four felony convictions, he was granted probation on each and never served more than one year in prison so as to know he was prohibited from possessing a firearm).] Nevertheless, Hunter's *Rehaif* claim is denied for several reasons.

First, to properly invoke the savings clause, the Supreme Court's newly-announced interpretation must be retroactively applicable to cases on collateral review. *Wooten*, 677 F.3d at 308. And while the Sixth Circuit has not yet addressed this issue, the Eleventh Circuit has specifically held that the Supreme Court has not made the *Rehaif* decision retroactively applicable to cases on collateral review. *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *see also In re Wright*, 942 F.3d 1063, 1065 (11th Cir. 2019).

Second, Hunter stipulated during trial that he had been convicted of three crimes punishable by imprisonment for a term exceeding one year. *See Hunter*, 3:06-cr-00061-TMR-MRM-1 (S.D. Ohio 2006), at Record No. 46. Hunter now claims that this stipulation does not prove that he had *knowledge* of his status as a person forbidden from possessing a firearm. [Record No. 22 at p. 12] But Hunter's reasoning is based on an overly-broad interpretation of *Rehaif*. Contrary to his assumption, *Rehaif* does not hold that the Government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under § 922(g)(1). As the Supreme Court explained:

> [t]he question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that

he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194.

Thus, while the Government's burden includes proof that a defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like," *see id.* at 2195-96, it does not include proof that the defendant specifically knew that he was prohibited from possessing firearms. *See United States v. Bowens*, 938 F.3d 790, 797 (6th Cir. 2019) (refusing to adopt the defendant's argument that *Rehaif* requires the Government to prove "that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)).

In fact, in *Bowens*, the Sixth Circuit rejected Hunter's unduly expansive reading of *Rehaif*:

> [D]efendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person* . . . . [I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not, and cannot be, what *Rehaif* requires.
>
> The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F.3d at 797 (emphasis in original; citation omitted).

Hunter has not argued that he was unaware that he stood convicted of numerous felonies, each punishable by imprisonment for a term exceeding one year. [*See* Record No. 22 at p. 12 (claiming only that he never actually served more than one year on any of the felony convictions and that he "did not concede that he knew he was prohibited from possessing a firearm"] Because of this, and because *Rehaif* does not require more, his petition fails to state a viable claim for relief.

As for Hunter's second § 2241 claim—that his defense attorney allowed prejudicial evidence to be admitted at trial—the Sixth Circuit has already found that the subject photo was properly admitted. On direct appeal, Hunter asserted "that the admission of the photo was unduly prejudicial because it was 'menacing.'" *Hunter*, 558 F.3d at 504. The Sixth Circuit first noted the "menacing" nature of the photo was debatable but, regardless, found that "given the photo's evidentiary value, the district court did not abuse its discretion in admitting it." *Id.* Further, to the extent Hunter now claims his drug possession convictions are inextricably intertwined with his invalid felon-in-possession conviction, the Court has explained above why the felon-in-possession conviction was not invalid under *Rehaif* after all. Again, Hunter's petition fails to state a viable claim for § 2241 relief.

For the reasons outlined above, it is hereby

**ORDERED** as follows:

1.      Hunter's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2.      This action is **DISMISSED**, with prejudice, and **STRICKEN** from the

Court's docket.

Dated: January 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky